Dwight, P. J., Haight and Bradley, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit.

---

In the Matter of the Real Estate of Samuel Lawrence, Deceased.

*Application to sell real estate for the payment of a testator's debts — order of sale — real estate referred to in Code of Civil Procedure, section 2763.*

The real estate referred to in section 2763 of the Code of Civil Procedure, as devised and not sold, is that property remaining unsold of a particular devisee, who may have conveyed a portion only of the estate devised to him, and does not include the real estate of other devisees who have not conveyed the property devised to them.

A decedent by his last will and testament devised two pieces of real estate, one to his son and directed that the proceeds of the sale of the other be held in trust for his daughter. A petition was thereafter made for the sale of the testator's

real estate in payment of his debts, the debt on which the application was made being a liability of the testator upon an accommodation indorsement made for his son, to whom one of the pieces of real estate was devised.

*Held,* that the property devised to the son should be primarily charged with the debt.

APPEAL by Philander Mott and another, parties interested in the estate of Samuel Lawrence, deceased, from a decree of the Surrogate's Court of the county of Wayne, entered in the office of the Wayne County Surrogate's Court on the 14th day of August, 1893, decreeing that certain real estate of the deceased be sold for the payment of debts.

Samuel Lawrence died in May, 1890, leaving his will, which was admitted to probate July 21, 1890; by it he devised to his son, Isaac J. Lawrence, to whom letters testamentary were issued, a farm situated in Ontario county, consisting of 122 acres, appraised at the valuation of $6,025; he directed the executor to sell all the rest of his estate, real and personal, and out of the avails he bequeathed to him $4,000 in trust to invest the same and pay the interest or income of it annually to his daughter, Mary Jane Werne, during her life, if sufficient for her support, and if not sufficient, to apply to the like purpose so much of the principal sum as should be necessary, and on her death he bequeathed whatever remained of the fund to her next of kin, and he devised and bequeathed the residue of his estate to his daughter, Mary J. Werne, and others named in his will.

The testator also died seized of a house and lot situated in the county of Wayne. This was of the appraised value of $2,000.

In February, 1890, the son, Isaac J. Lawrence, made his note for $2,500, which was indorsed by the testator. The latter was afterwards charged with liability as indorser, and at the time of his death only $500 had been paid upon the note. His personal property was insufficient to pay his debts, and Pliny D. Sexton, the holder of the note, filed his petition in March, 1893, for the sale of the real property of which the testator died seized, for the payment of his debts.

The surrogate directed that the Ontario farm be first sold, and, unless the proceeds of it were sufficient to pay the debts, that the premises in Wayne county then be sold for the like purpose.

In December, 1890, Isaac J. Lawrence, by mortgage, conveyed

the Ontario county farm to Philander Mott to secure the payment of $5,000. In May, 1891, he, by deed, conveyed that farm to Mary E. Lawrence, his wife.

In July, 1891, he and his wife conveyed the farm to the Marine Bank of Buffalo, N. Y., by mortgage, to secure the payment of $1,500; and in August, 1891, he and his wife, by mortgage, conveyed it to the Maryland Fertilizing Manufacturing Company, to secure the payment of $4,000.

In July, 1891, he and his wife conveyed the house and lot in Wayne county to M. L. Malcolm, as collateral security for certain notes made by him to Baldwin; and afterwards, he and his wife, by deed, conveyed this Wayne property to Mary J. Werne.

William Mott filed exception to the finding and conclusion of the surrogate that the premises in Ontario county should first be charged and sold for the payment of petitioner's claim. George Mott filed no exception.

*E. K. Burnham*, for the appellants.

*H. R. Durfee*, for the respondents Werne and Tuttle.

*Charles McLouth*, for the petitioner, respondent.

BRADLEY, J.:

The appeal is from so much of the surrogate's decree as directs that the farm in Ontario county be first charged with the payment of the debt due to the petitioner, and on the part of the appellants it is insisted that such direction is in violation of the statute, which provides: " Where the decree directs the sale of two or more distinct parcels of real property, of which the decedent died seized, * * * the decree may direct the sale to be made in the order which the surrogate deems just, unless it appears that one or more distinct parcels, of which the decedent died seized, have been devised by him or sold by his heirs, in which case the several distinct parcels must be sold in the following order:

" (1) Property which descended to the decedent's heirs and has not been sold by them.

" (2) Property so descended which has been sold by them.

" (3) Property which has been devised and has not been sold by the devisee.

" (4) Property so devised which has been sold by the devisee."
(Code Civ. Proc. § 2763.)

The testator died seized of two parcels only of real property.
As neither of them descended to his heirs, the first and second
clauses of that section have no application to the present case.

The farm in Ontario county was devised to the son, Isaac J. Law-
rence.   He by mortgage conveyed it to the appellant, William Mott.
For that reason it is urged that it is taken from the operation of
the third clause and comes within the fourth, and that it is not
chargeable with the payment of the debts of the decedent until
after the Wayne county premises have been sold and the proceeds
of the sale found to be insufficient to pay the debts.   By the will
the testator intended to give his daughter, Mrs. Werne, and her
next of kin the benefit of the Wayne property, and for that pur-
pose he directed that it and all his estate, other than the Ontario
farm, be sold, and the proceeds, to the amount of $4,000, be held by
his executor in trust, as there directed, for his daughter and her next
of kin.

And although this direction to sell the Wayne property for
the purposes of the trust was an equitable conversion of it into
personalty, the daughter and her next of kin were made the bene-
ficiaries of the will as to that property as effectually as if it had
been devised to them.   The grant of the house and lot by the
executor to secure the payment of his debt was not within the
power of sale given to him.   The Ontario county farm devised to
the son was conveyed by him within the meaning of the statute.
And the question arises whether it is entitled to such construction
as to primarily charge the Wayne premises with the payment of the
debts of the decedent.   Such effect given to the statute would seem
to work injustice, and as the consequence might charge the burden
upon one of the several devisees if he alone had not conveyed prop-
erty devised to him, as he could then have only the personal liability
of the other devisees for indemnity, and such remedy might be of
no value for that purpose.   The section of the Code referred to is
a substitute for the previous statute, which provided that the order
should specify the lands to be sold, and the surrogate might direct
the order in which several tracts should be sold, and should order
that the part descending to heirs be sold before that devised, " and

if it appear that any lands devised or descended have been sold by the heirs or devisees, then the lands remaining in their hands unsold shall be ordered to be first sold." (2 R. S. 103, § 20.)

While the language of section 2763 of the Code may be susceptible of a construction somewhat different from that of the provisions of the Revised Statutes, it may be supposed that the intent was that it should in its purpose and effect be substantially the same. The fair and equitable construction of the statute would seem to be such as to import that the property referred to as devised and not sold is that remaining unsold of the particular devisee, who may have conveyed a portion only of the estate devised to him, and not that of the other devisees, who have not conveyed the property devised to them. This is a reasonable view of the construction of the statute and was that taken of such provision of the Revised Statutes in *Matter of Clark* (3 Redf. 225).

Any other construction of the present statute might, as has been observed, have the effect to primarily charge the entire debts of a decedent upon the property devised to one of several devisees. This it cannot be assumed was in the contemplation of the statute, nor does its language necessarily require a construction which may be promotive of such injustice in its practical operation.

There is a further consideration which equity will recognize as between the beneficiaries of the two properties.

The debt upon which the petition is founded is that of Isaac J. Lawrence, the devisee of the Ontario county farm. The liability of the decedent arose from his relation as accommodation indorser of the note by which the debt is evidenced.

Upon equitable principles applicable to such relation the property devised to Isaac J. Lawrence should be primarily charged with the debt in this proceeding. And in the view taken of the statute it was within the power of the surrogate to determine that the sale of the lands be made in the order directed by the decree.

The decree of the surrogate should, therefore, be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Decree of the Surrogate's Court of Wayne county appealed from affirmed, with costs to the respondent.